UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Glen Earl Claiborne, | ) | C/A: 6:16-2910-TMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF PARTIAL SUMMARY DISMISSAL** |
| City of Greenville, South Carolina, | ) | |
| GreenLink, | ) | |
| Robert Dowling, | ) | |
| Louis Beason, | ) | |
| Deborah Gravely, | ) | |
| Athena Miller, | ) | |
| Rick Bridwell, | ) | |
| Steven Chasten, | ) | |
| Mark Richards, | ) | |
| Scoot McIver, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, proceeding *pro se*, brings this civil action alleging employment discrimination. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. The undersigned recommends that Defendants Robert Dowling, Louis Beason, Deborah Gravely, Athena Miller, Steven Chasten, Mark Richards, Rick Bridwell, and Scoot McIver be dismissed from the case.

## BACKGROUND

The plaintiff alleges that the defendants discriminated against him because of his race, color, and sex/gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") (doc. 1-1 at 5–6). He asserts that he was

subject to unequal terms and conditions of employment, retaliation, and termination (doc. 1-1 at 6).  He contends that the treatment is ongoing (*id*.).

The plaintiff states that on or about September 9, 2016, Beason and Dowling conspired to set him up for a safety violation (*id*. at 8).  He contends that Dowling told him he should take off his shirt and tie before he hung himself and made a gesture like he was hanging the plaintiff from a tree; Beason and Dowling laughed about hanging the plaintiff from a tree (*id.*).  The plaintiff asserts that on or about August 16, 2016, Dowling said that the "Temps" would listen to Dowling because he is white (*id*.).

The plaintiff alleges that he spoke with Miller in July and September of 2015 regarding the safety violations, harassment, hostile work environment, retaliation, and disrespectful behavior (doc. 1-2 at 3).  He states that Richards and Dowling were present for at least one of these meetings and that Miller told him that Chasten was his supervisor (*id.*).  The plaintiff provided the copy of an email where he complains that Gravely screamed at him in front of others and called him a liar with no backbone (*id*. at 4).

The plaintiff states that he received a Right to Sue letter from the Equal Employment Opportunity Commission on May 24, 2016 (doc. 1-1 at 8); he seeks $1,500,000 in compensatory, punitive, and exemplary damages (*id.* at 9).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."

2

28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

This court lacks subject matter jurisdiction over Dowling, Beason, Gravely, Miller, Chasten, Richards, Bridwell, and McIver because there is no individual liability under Title VII.  Title VII prohibits discrimination by employers.  *See* 42 U.S.C § 2000e–2.  Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b).  It is well-established that Title VII does not impose individual liability on supervisory employees. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (holding that supervisors cannot be found liable in their individual capacity under Title VII because they do not fit within the definition of an employer).

Here, it is clear that the plaintiff does not allege that these defendants were his employer, and, thus, he cannot sue them for employment discrimination.  *See Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (finding that Title VII does not provide a remedy against an entity who does not come within the definition of employer); *Singleton v.*

3

*Greenville Hous. Auth.*, C/A No. 6:09-2104-JMC-KFM, 2010 WL 6065085, at *4–5 (D.S.C. Sept. 21, 2010) (explaining only an "employer" of an "employee" can be liable for discrimination under Title VII), *adopted by*, 2011 WL 883669, at *2 (D.S.C. March 11, 2011). Accordingly, the undersigned recommends that Dowling, Beason, Gravely, Miller, Chasten, Richards, Bridwell, and McIver be dismissed as defendants.[1]

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants Robert Dowling, Louis Beason, Deborah Gravely, Athena Miller, Steven Chasten, Mark Richards, Rick Bridwell, and Scoot McIver be dismissed from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). This action remains pending against The City of Greenville, South Carolina and GreenLink at this time.[2]

---

[1]In one section of the complaint, the plaintiff checks that he is bringing this action pursuant to diversity jurisdiction (doc. 1 at 5). The plaintiff consistently states that all of the defendants are residents of South Carolina (docs. 1 at 4; 1-1 at 4); however, in various sections of the complaint, he appears to allege that he is a citizen or resident of Georgia and South Carolina (docs. 1 at 8 (identifying himself as a citizen of South Carolina); 1-1at 1 (listing his address in Georgia)). The undersigned cannot glean a plausible State law claim from the plaintiff's allegations; therefore, it unnecessary to consider whether Dowling, Beason, Gravely, Miller, Chasten, Richards, Bridwell, and McIver are subject to suit in this court on the basis of diversity jurisdiction.

[2]At this procedural posture, it is unclear whether the plaintiff was employed by the City of Greenville, South Carolina or GreenLink; therefore, it is recommended that both remain as defendants in this action.

4

**IT IS SO RECOMMENDED**

                                          s/ Kevin F. McDonald
                                          United States Magistrate Judge

October 5, 2016
Greenville, South Carolina

**The plaintif's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).